**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN H. SHEN-SAMPAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-1637 |
| | : | |
| PETER S. KLEIN | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                        **April 30, 2025**

The University of Pennsylvania's Dr. Peter S. Klein reviews fourth year medical students' applications to "match" at the University's medicine-physician scientist residency program. Dr. Klein reviewed a University of California fourth year medical student's application in fall 2024. Dr. Klein found inaccurate facts in the application and contacted the University of California to report its student lied on his application to gain an advantage in the residency application process. The University of California opened an investigation. This investigation somehow further damaged the fourth year student, but we do not know how, when, or why. The student pro se sued Dr. Klein for $20 million in compensatory damages and $10 million in punitive damages. Dr. Klein now moves to dismiss the student's Complaint arguing his statements to the University of California are privileged and the student does not otherwise plead defamation under Pennsylvania law. We agree in part. We dismiss the student's Complaint without prejudice to him timely pleading facts allowing us to plausibly infer Dr. Klein's statements (if fact rather than opinion) to the University of California defamed the fourth year medical student with identified damages. We can then later address (if we find the student sufficiently pleads a defamation claim) whether Dr. Klein can invoke a privilege defense based on developed facts.

I. **Alleged pro se facts**

John H. Shen-Sampas is a fourth year medical student at University of California - San Francisco.[1] Mr. Shen-Sampas apparently hoped to be matched to a residency training program at the University of Pennsylvania. Mr. Shen-Sampas communicated with Dr. Peter S. Klein, Professor of Medicine and Program Director of the University of Pennsylvania's internal medicine physician-scientist track between June and October 2024, seeking information on the medical residency "match process" at the University of Pennsylvania.[2] Mr. Shen-Sampas told Dr. Klein he sought National Institutes of Health Small Business Innovation Research funding for a start-up "Kor Simulation" and further told Dr. Klein he filed patent applications.[3] Mr. Shen-Sampas submitted an application to Dr. Klein in September 2024, describing his National Institutes of Health grant application and patent applications.[4]

Dr. Klein then contacted the University of California – San Francisco to report Mr. Shen-Sampas "had lied to [Dr. Klein] about [Mr. Shen-Sampas's] grant and patent application status."[5] Mr. Shen-Sampas alleges Dr. Klein knew the statement he made to the University of California – San Francisco is false, made the statement "negligently and maliciously with the intent to hurt [Mr. Shen-Sampas's] reputation and future career," and Dr. Klein's statement is not privileged.[6] Unidentified persons at the University of California – San Francisco "launched an investigation into [Mr. Shen-Sampas]" which "further damaged [his] reputation."[7] Mr. Shen-Sampas does not allege how this investigation "further damaged" his reputation.

Dr. Klein made unidentified "further statements" during the investigation to the University of California – San Francisco's Student Conduct Officer Ms. Wallace "regarding [Mr. Shen-Sampas's] intent as lying to gain advantage in the match process" which Dr. Klein knew to be incorrect.[8]

Mr. Shen-Sampas suffered unpleaded damage to his reputation, emotional distress, and loss of future income arising from Dr. Klein's report to the University of California. [9] Mr. Shen-Sampas pro se sues Dr. Klein for $20 million in lost income and future opportunities as a physician and $10 million in punitive damages.

**II.     Analysis**

Dr. Klein now moves to dismiss Mr. Shen-Sampas's single defamation claim arguing: (1) Dr. Klein's statements made to the University of California – San Francisco are absolutely privileged as made in the course of a quasi-judicial proceeding; and, (2) even if not privileged, Mr. Shen-Sampas fails to state a claim for defamation under Pennsylvania law because (a) he did not specifically identify the alleged defamatory statement, when, and to whom, and (b) he did not allege special harm.[10]

To state a claim for defamation under Pennsylvania law, Mr. Shen-Sampas must plead the following elements: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.[11]

We are unable to determine whether Dr. Klein's defense of privilege bars the defamation claim at the pleadings stage. But we are able to find Mr. Shen-Sampas has not pleaded defamation under Pennsylvania law. We grant him leave to amend if can plead facts consistent with the law under Federal Rules 8 and 11.

**A. We cannot find a privilege absent further allegations or fact development.**

Dr. Klein first argues his statements to the University of California – San Francisco are absolutely privileged as made in the course of the investigation launched by the University of California and are thus a quasi-judicial proceeding. Mr. Shen-Sampas responds the privilege defense is premature at the motion to dismiss stage. We agree with Mr. Shen-Sampas today based on the pleaded facts and deny Dr. Klein's absolute privilege defense at this stage.

Under Pennsylvania law, the quasi-judicial privilege applies when the party asserting the privilege, here Dr. Klein, establishes two elements: (1) the alleged defamatory statements were "issued during the regular course of the judicial proceedings;" and (2) the statements were "pertinent and material to those proceedings."[12] Our Court of Appeals addressing quasi-judicial immunity under Pennsylvania law concluded "government involvement is also a necessary condition for according quasi-judicial status to grievance procedures."[13]

The first element requires us to determine whether the University of California's investigation allegedly prompted by Dr. Klein's comments are quasi-judicial in nature. The Pennsylvania Superior Court directs us, when applying Pennsylvania defamation law, to "examine the nature of the actions complained of to ascertain whether they were performed within the quasi-judicial adjudicatory function" to determine whether an individual is entitled to quasi-judicial immunity.[14] We determine a "quasi-judicial adjudicatory function" by whether it involves the exercise of discretion and requires notice and hearing.[15] The Pennsylvania Superior Court further directs us to "look to the presence and exercise of discretionary decision-making authority (i.e., applying the law, rules and regulations to the factual matrix of a given case) as well as the existence of procedural safeguards in the administrative proceeding similar to the safeguards afforded at a judicial proceeding (e.g., notice, hearing, right to cross-examine witnesses, etc.)."[16]

We cannot today determine from the bare allegations whether Dr. Klein's alleged statements (a) Mr. Shen-Sampas "had lied to him about his grant and patent application status" to an unidentified person(s) at University of California – San Francisco and (b) Mr. Shen-Sampas's "intent as lying to gain an advantage in the match process" to Student Conduct Officer Wallace at an unidentified time were "issued during the regular course of judicial proceedings."[17] Mr. Shen-Sampas alleges Dr. Klein's alleged statements caused someone at the University of California – San Francisco to "launch an investigation" but Mr. Shen-Sampas does not plead what type of investigation the University conducted, whether the University exercised decision-making authority, and whether the University afforded procedural safeguards found in a judicial proceeding to Mr. Shen-Sampas. Mr. Shen-Sampas also does not plead whether the University of California conducted a private procedure or an administrative procedure established by law.[18] We cannot, as presently pleaded, determine whether Dr. Klein's comments satisfy the first element of the privilege test.

We also cannot determine, as presently pleaded, whether Dr. Klein's alleged defamatory statements to the University of California - San Francisco were "pertinent and material" to its investigation. Dr. Klein asks we look no further than our analysis of defamation privilege among professors six years ago in *Fogel v. University of the Arts*.[19] His reliance on our earlier analysis is misplaced. In *Fogel*, we considered a professor's defamation claim asserted against another professor who reported sexual harassment to the University's Title IX coordinator who then opened an investigation. The defendant professor moved to dismiss the defamation claim as to the statement to the Title IX coordinator as privileged. We concluded the reporting professor's statement initiated the Title IX investigation and were "pertinent and material" to the Title IX investigation, applied the privilege, and dismissed the defamation claim.[20] We dismissed the claim

5

based on statements to the University's Title IX coordinator reasoning the privilege should apply to reports of misconduct to "incentiviz[e] individuals to speak freely in seeking to initiate judicial or quasi-judicial proceedings."[21] We do not have the same allegations today.

We instead have no basis to find the presence of judicial or quasi-judicial proceedings based on Mr. Shen-Sampas's allegations. We need a fuller understanding of the context of Dr. Klein's statements.

We decline to apply the privilege at this stage without prejudice.

### B. Mr. Shen-Sampas did not plead a defamation claim under Pennsylvania law.

Dr. Klein also argues Mr. Shen-Sampas did not plead defamation under Pennsylvania law including because he did not (a) specifically identify the alleged defamatory statement and to whom the statements were made; and (b) plead special harm. We agree with Dr. Klein and grant his motion to dismiss without prejudice for the pro se student to amend.[22]

The Supreme Court, through Federal Rule of Civil Procedure 8(a), requires Mr. Shen-Sampas provide notice to Dr. Klein of the defamation claim. Mr. Shen-Sampas must do more than make conclusory allegations and "must allege at least some specific statements identifying the speaker, the approximate date, the content, and the audience."[23] He must allege when, how, and to whom the allegedly defamatory statements were made.[24]

Mr. Shen-Sampas alleges Dr. Klein "contacted" unidentified person(s) at the University of California – San Francisco around October 2024 to report "[Mr. Shen-Sampas] had lied to [Dr. Klein] about his grant and patent application status" and at an unidentified later time Dr. Klein made "further statements" to Student Conduct Officer Wallace about Mr. Shen-Sampas "lying to gain an advantage in the match process." These allegations are insufficient to state a defamation claim.[25] Mr. Shen-Sampas pleaded no factual allegations of the identity of the recipient of the

original allegedly defamatory statements at the University of California. He also did not plead the content of the "further statements" Dr. Klein made to Student Conduct Officer Wallace to state a claim for defamation under Pennsylvania law plausible on its face.

Mr. Shen-Sampas must also allege "special harm resulting from" Dr. Klein's alleged defamatory statements. "Special harm" used in Pennsylvania's statute means "general damages" proven on a showing of "actual harm."[26] "Injury to reputation, impairment of standing in the community, personal humiliation and mental anguish are types of actual harm 'not limited to out-of-pocket loss' compensable for defamation."[27]

Mr. Shen-Sampas responds he is not required to plead special damages on a defamation per se claim and, even if he is required to allege special harm, he adequately does so. We disagree. A defamatory statement imputing a criminal offense, loathsome disease, business misconduct, or serious sexual misconduct constitutes defamation per se and proof of special damages (meaning out-of-pocket expenses) is not required.[28] The allegation here is Dr. Klein told someone at the University of California Mr. Shen-Sampas "lied ... about his grant and patent application status" and told Student Conduct Officer Wallace Mr. Shen-Sampas lied "to gain an advantage in the match process."[29]

Mr. Shen-Sampas contends Dr. Klein's statements of "falsifying application materials" directly attacks Mr. Shen-Sampas's professional integrity and capacity to practice medicine. But Mr. Shen-Sampas does not allege he is a physician practicing medicine and does not allege how Dr. Klein's statement affected his "professional integrity" or the ability to practice medicine. And even if Dr. Klein's alleged statements are defamatory per se, Mr. Shen-Sampas must still allege *general* damages. He does not do so, making only conclusory allegations without facts supporting the damages element of his defamation claim.[30] Mr. Shen-Sampas alleges Dr. Klein's statements

7

caused damages to his professional reputation, emotional distress, and loss of future income and livelihood. But he does not plead facts as to how Dr. Klein's alleged defamatory statements to the University of California – San Francisco actually harmed Mr. Shen-Sampas. What happened because of these statements? Mr. Shen-Sampas simply concludes he suffered damages.

Mr. Shen-Sampas did not plead facts to state a claim to relief plausible on its face. We grant Dr. Klein's motion to dismiss without prejudice.

### III. Conclusion

We dismiss Mr. Shen-Sampas's defamation claim without prejudice to timely amend his complaint.

---

[1] ECF 1 § III, ¶ 1.

[2] *Id.* § III, ¶ 2. The "match process" refers to the National Resident Matching Program, also known as "The Match." The Program is an independent, non-profit organization responsible for "matching" the nation's fourth year medical school students with residency and fellowship programs at teaching hospitals across the country. *See* https://www.nrmp.org/about/.

[3] ECF 1 § III, ¶¶ 3, 4, 6.

[4] *Id.* ¶ 6. Mr. Shen-Sampas does not allege what "application" he submitted to Dr. Klein in September 2024. We assume it is for the University's residency program, confirmed by Dr. Klein's motion to dismiss noting Mr. Shen-Sampas "applied to Penn's residency program." ECF 13-1 at 2.

[5] ECF 1 § III, ¶ 7.

[6] *Id.* ¶¶ 7-10.

[7] *Id.* ¶ 11.

[8] *Id.* ¶ 12.

[9] *Id.* ¶¶ 14-16.

[10] ECF 13. Mr. Shen-Sampas opposed the motion. ECF 15. Dr. Klein filed a reply brief in support of his motion. ECF 16.

---

[11] *Joseph v. Scranton Times L.P.*, 129 A.3d 404, 424 (Pa. 2015) (quoting 42 PA. CONS. STAT. ANN. § 8343(a)). Pennsylvania's General Assembly defines the elements of a claim for defamation.

[12] *Bochetto v. Gibson*, 860 A.2d 67, 73 (Pa. 2004).

[13] *Overall v. Univ. of Pa.*, 412 F.3d 492, 497 (3d Cir. 2005).

[14] *Weinik Temple Univ. of Commw. Sys. of Higher Educ.*, No. 19-3503, 2020 WL 3892963, at *7 (E.D. Pa. July 10, 2020) (quoting *Greenberg v. McGraw*, 161 A.3d 976, 985 (Pa. Super. Ct. 2017)).

[15] *Id.* (quoting *Urbano v. Meneses*, 431 A.2d 308, 311 (Pa. Super. Ct. 1981)).

[16] *Id.* (quoting *Pollina v. Disshong*, 98 A.3d 613, 620-21 (Pa. Super. Ct. 2014)).

[17] *Bochetto*, 860 A.2d at 73.

[18] In *Schanne v. Addis*, 615 F. App'x 759 (3d Cir. 2015), our Court of Appeals certified a question to the Pennsylvania Supreme Court: "Does the absolute privilege apply to an allegation of sexual misconduct against a teacher by a former student, which allegation was made prior to the commencement of any quasi-judicial proceeding and without an intent that the allegation lead to a quasi-judicial proceeding?" The Pennsylvania Supreme Court answered the question in the negative, holding "the judicial privilege does not apply to an allegation made by an adult before commencement of any quasi-judicial proceeding and ***without an intent that it lead to a quasi-judicial proceeding***." *Schanne v. Addis*, 121 A.3d 942, 952 (Pa. 2015) (emphasis added) (footnote omitted). There must be an inquiry into the speaker's intent. Here, we have a bare bones allegation Dr. Klein made statements to the University of California "with the intent to hurt" Mr. Shen-Sampas's "reputation and future career." There is no allegation Dr. Klein made statements to the University of California with the intent the University of California begin a quasi-judicial proceeding. But we may not make a finding of intent based on these scant allegations.

[19] No. 18-5137, 2019 WL 1384577 (E.D. Pa. Mar. 27, 2019).

[20] *Id.* at *9-*10.

[21] *Id.* at *9 (quoting *Schanne v. Addis*, 121 A.3d 942, 949 (Pa. 2015)).

[22] We accept as true Mr. Shen-Sampas's fact allegations and view them in the light most favorable to him. *Doe v. Univ. of Sciences*, 961 F.3d 203, 208 (3d Cir. 2020). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Mr. Shen-Sampas must plead contain "a short and plain statement of the claim showing [he is] entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2) and set forth enough alleged facts to "state a claim to relief that is plausible on its face." *Id.* (first quoting Fed. R. Civ. P. 8(a)(2) then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Mr. Shen-Sampas proceeds pro se,

9

we construe his allegations liberally but he must meet pleading requirements and allege sufficient facts to support his claims. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013)). He "cannot flout procedural rules [and] must abide by the same rules that apply to other litigants." *Id.*

[23] *Monge v. Univ. of Pa.*, No. 22-2942, 2023 WL 3594471, at *2 (E.D.Pa. May 22, 2023) (quoting *Lee v. Univ. of Pa., Sch. of Dental Med*., No. 19-835, 2019 WL 4060843, at *6 (E.D. Pa. Aug. 27, 2019)). Under Pennsylvania law, a "complaint for defamation must, on its face, identify exactly to whom the allegedly defamatory statements were made." *Bull Int'l Inc. v. MTD Consumer Grp., Inc.*, 654 F. App'x 80, 107, n.18 (3d Cir. 2016) (quoting *Jaindl v. Mohr*, 637 A.2d 1353, 1358 (Pa. Super. Ct. 1994), *aff'd*, 661 A.2d 1362 (Pa. 1995)). Thus, while the Pennsylvania pleading standard would appear to require the identification of the specific allegedly defamatory statement our federal pleading standard still requires "at least some specific statements," the speaker, approximate date, content, and audience. *Monge*, 2023 WL 3594471 at *2.

[24] *Litman v. Sch. Dist. of Phila.*, No. 24-278, 2024 WL 3361596, at * 7-*8 (E.D. Pa. July 10, 2024) (citations omitted).

[25] Dr. Klein also argues Mr. Shen-Sampas swore to facts contradicting his sworn statements before us. Dr. Klein cites complaints in the United States District Courts for the Southern District of New York and the Northern District of California. Mr. Shen-Sampas cannot swear different facts in different courts. He subjects himself to sanctions for misrepresenting known facts to a court. We remind all parties of their duty of candor including accurately representing the facts in cited authorities. We defer further analysis of the veracity of plead facts until warranted.

[26] *Ralston v. Garabedian*, 676 F. Supp. 3d 325, 362 (E.D. Pa. 2021) (citing *Joseph v. Scranton Times, L.P.* 89 A.3d 251, 261 (Pa. Super. Ct. 2014), *aff'd in part, rev'd in part on other grounds*, 634 Pa. 35, 129 A.3d 404 (2015)).

[27] *Pilchesky v. Gatelli*, 12 A.3d 430, 444 (Pa. Super. Ct. 2011) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)) (footnote omitted).

[28] *Nothstein v. USA Cycling*, 499 F. Supp. 3d 101, 122 (E.D. Pa. 2020) (quoting *Rose v. Dowd*, 265 F. Supp. 3d 525, 531 (E.D. Pa. 2017)).

[29] ECF 1 § III, ¶¶ 7, 12.

[30] *Paydhealth, LLC v. Holcombe*, No. 24-259, 2024 WL 3403125, at *5 (E.D. Pa. July 11, 2024) (dismissing defamation per se claim for failing to plead factual matter as to general damages).